UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　CASE NO. 8:24-cr-330-VMC-CPT

JORDAN GUY MACDONALD GOUDREAU

**UNITED STATES' RESPONSE TO JENNIFER GATIEN'S TIME-SENSITIVE MOTION TO RELEASE BOND AGREEMENT**

The surety on Defendant Jordan Goudreau's bond, Jennifer Gatien, has filed a Time-Sensitive Motion to Release Bond Agreement (Dkt 185) (the "Motion to Release"), requesting that the Court take the Defendant into custody and release Ms. Gatien's obligations under the bond. The United States respectfully requests that, based on the allegations in the Motion to Release, the Court reopen the Defendant's detention hearing under 18 U.S.C. § 3142(f). The United States further requests that Ms. Gatien be ordered to attend the hearing and provide testimony and corroborating evidence concerning the allegations in the Motion to Release. If true, the new information alleged in the Motion to Release—including the existence of an undisclosed side agreement between the Defendant and his surety Ms. Gatien that would have made Ms. Gatien whole if the Defendant fled, the deterioration of the relationship between the Defendant and his sole surety, and the Defendant's statements indicating a possible intent to obstruct justice and flee—demonstrate that Ms. Gatien was never an appropriate surety and that the Defendant should be detained pending trial.

I. BACKGROUND

On July 16, 2024, the Defendant was charged by Indictment with a variety of firearms trafficking and smuggling crimes relating to a failed invasion of Venezuela, including: conspiracy to violate and violations of the Export Control Reform Act, in violation of 50 U.S.C. § 4819; violations of the Arms Export Control Act, 22 U.S.C. § 2778; smuggling, in violation of 18 U.S.C. § 554; and possession of machine guns, in violation of 18 U.S.C. § 922(o).

The Defendant was arrested in the Southern District of New York and, after a detention hearing, was ordered to be released on bond. The United States appealed that ruling and, after a hearing, the Court denied the United States' appeal and ordered that the Defendant be released on a $2,000,000 bond to be secured by Gatien's residential property (Dkt. 59). The Court specifically cited the following as important factors supporting the Defendant's release on bond:

> At the hearing, the Court [was] extensively assured both that a third-party custodian was willing and able to be responsible for Mr. Goudreau's appearance and that Ms. Gatien was willing and able to pledge her $2 million apartment to secure the bond. . . . The Court also asked questions of Ms. Gatien, who was present at the hearing. She stated that her apartment is worth over $2 million, which she could substantiate with documentation, and that she owned the property outright. ***She stated that she views Mr. Goudreau to be a close friend and that she has complete confidence that he will abide by the conditions of his release. The Court was convinced that Ms. Gatien's property would effectively secure the $2 million bond and that her relationship with Mr. Goudreau would help assure Mr. Goudreau's compliance with the conditions of his release.***

Dkt. 59 at 12-13 (emphasis added).

2

On April 17, 2025, the Court held a Show Cause hearing based on the Defendant's violation of his terms of release. Specifically, the Defendant had left his residence in the middle of the night without the permission of his supervising officer. The Defendant admitted the violation, and the Court reinstated him on bond with the same conditions, sternly warning him of the importance of abiding by all conditions of supervised release.

On September 19, 2025, the Defendant filed a Motion to Modify Conditions of Release. The Defendant requested that "Mr. Goudreau's bond be modified so that Ms. Gatien can be removed as a personal surety." (Dkt. 180 at 1). The Motion focused on Mr. Goudreau's change in living circumstances and the purported strength of his public authority defense.

On September 30, 2025, Ms. Gatien filed the instant Motion to Release. Ms. Gatien argued that the Motion to Release was time-sensitive because "of the significant financial interests at stake and out of concern that this motion may result in immediate, retaliatory action against Jennifer Gatien." Dkt. 185 at 1. The Motion requests that Ms. Gatien be permitted to surrender the Defendant into custody and be released from her obligations under the bond.

The Motion to Release raises several facts previously unknown to the United States, including:

- "as recently as September 24, 2025, Defendant sought to elicit false and defamatory declarations from third-party witnesses to present against Jennifer Gatien should she offer testimony at any forthcoming bond

3

- hearing" (Dkt. 185 at 1-2);

- "Defendant has previously made numerous statements that he does not intend to return to prison" (Dkt. 185 at 2);

- "Ms. Gatient has made repeated, good-faith efforts to comply with [her obligations as surety, but] Defendant has frustrated Ms. Gatien's ability to do so and has cut off all contact with Ms. Gatien as of July 2025 (Dkt. 185 at 2);

- "Defendant routinely engaged in verbally abusive conduct against Ms. Gatien, particularly whenever Ms. Gatien raised issues of accountability and oversight, and this pattern of behavior has remained consistent throughout his period of release" (Dkt. 185 at 3);

- "Defendant also engaged in hostile conduct with his court appointed custodian . . . even threatening physical altercation at Mr. Reeves' residence," and "Defendant has had no contact with Mr. Reeves since April 2025" (Dkt. 185 at 3);

- "Defendant has also disparaged Ms. Gatien to numerous third parties, and those third parties have expressed concern to Ms. Gatien regarding Defendant's intentions" (Dkt. 185 at 3);

- Ms. Gatien and the Defendant had entered into an undisclosed agreement to "mitigate Ms. Gatien's financial risk," which required the Defendant to "surrender[] certain assets into the custody and control of his attorney, including Defendant's significant cryptocurrency holdings, along with

4

other valuable goods," and that the "Defendant reneged on his promises immediately after the Bond agreement was entered and has since refused to surrender the agreed upon assets" (Dkt. 185 at 3-4);

- "Defendant has issued threats against Ms. Gatien," including statements that he "does not intend to go 'back to prison'" and threatened lawsuits (Dkt. 185 at 4);

- "Defendant has acted in bad faith: he has reneged on every assurance, fabricated information, concealed assets, cut off communication, engaged in abusive and threatening conduct, and has rebuffed all efforts at accountability" (Dkt. 185 at 5).

For these reasons, Ms. Gatien "seeks to surrender Defendant back into the custody of the Court" and "requests that the Court exonerate her as surety, accept surrender of Defendant, and return all posted collateral."

## II.    Legal Standard

### A. Rule 46

Fed. R. Crim. P. 46(f)(2)(A) provides that "[t]he court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . the surety later surrenders into custody the person released on the surety's appearance bond."

### B. Modification of Bond and Reopening of Detention Hearing

18 U.S.C. § 3142(f) provides that detention hearings may be opened under certain conditions:

> The hearing may be reopened, before or after a determination by

5

> the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

### III. Analysis

The Motion to Release alleges that the Defendant and Ms. Gatien had entered into an undisclosed side agreement that, if known, would plainly have made Ms. Gatien an unacceptable surety. It further contains very concerning allegations about: the deterioration of the relationship between the Defendant and Ms. Gatien; threats the Defendant made to fight his third party custodian; the fact that the Defendant has not been in contact with his third party for the past six months; the Defendant's statements that he does not intend to return to prison; and the Defendant's attempts to obstruct justice by soliciting false testimony relating to the issue of bond. Ms. Gatien attached text messages and other evidence that appear to corroborate these allegations.

These allegations are all new information, previously unknown to the United States or the Court, that are plainly material to the Defendant's release or detention pending trial. First, Ms. Gatien's role as surety was central to the Court's decision to release the Defendant on bond. In ordering the Defendant released, the Court specifically cited the facts that Ms. Gatien views the Defendant as a close friend and that Ms. Gatien "has complete confidence" that the Defendant would not violate his conditions of release, concluding that "Ms. Gatien's property would effectively

6

secure the $2 million bond and that her relationship with Mr. Goudreau would help assure Mr. Goudreau's compliance with the conditions of release." (Dkt. 59 at 12-13). Indeed, Ms. Gatien agrees that, "[c]ore to the Bond Agreement was the posting of collateral by Ms. Gatien" (Dkt. 185 at 2). Ms. Gatien no longer considers the Defendant a close friend nor does she have confidence in his intent to appear at trial. Moreover, if it is true that, had the Defendant fled, Ms. Gatien would be made by receiving cryptocurrency and other assets being held by the Defendant's attorney, the Court would never have accepted her as a surety in the first place. *Cf. United States v. Dussuyer*, 526 F. Supp. 883, 883 (S.D. Fla. 1981) (explaining that "the only means of accurately assessing the effect of a bail bond on the defendant's incentive to flee is to inquire into the motives of the surety," and if the "surety is fully indemnified for its loss by benefactors of the defendant, the Court is entitled to inquire into the identity of the indemnitors, the source of their collateral and the motive for their undertaking").

Equally concerning are Ms. Gatien's allegations that the Defendant has made threats against her and others, has cut off contact with both Ms. Gatien and his third party custodian, has indicated his intent to flee by stating he does not intend to go back to prison, and has solicited witnesses to commit perjury on the very issue of his release or detention pending trial. All of these allegations, if true, directly call into question whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g)(4).

The United States does not presently have independent evidence beyond what Ms. Gatien has provided in her filing. It appears that Ms. Gatien has additional evidence, including additional unfiled text messages, corroborating some of her allegations. In conversations with counsel for Ms. Gatien, it also appears that Ms. Gatien has additional relevant information not discussed in the filing concerning the flight risk posed by the Defendant. Additionally, the United States understands from conversations with counsel for the Defendant that the Defendant disputes some or all of Ms. Gatien's allegations.

Accordingly, the United States respectfully requests that the Court reopen the Defendant's detention hearing, require that Ms. Gatien attend and present testimony and evidence in support of her allegations, and permit the parties to present any additional, previously unknown evidence relevant to the issue of detention.

### IV.    Conclusion

For the foregoing reasons, the United States respectfully requests that the Court reopen the Defendant's detention hearing under 18 U.S.C. § 3142(f)(2). The United States further requests that Ms. Gatien be ordered to attend the hearing, to provide testimony and supporting evidence in support of her allegations, and that the parties be permitted to present evidence supporting or contradicting these allegations, so that the Court can make an appropriate decision concerning the Defendant's release or detention pending trial.

Respectfully submitted,

GREGORY KEHOE

                    United States Attorney

By:   */s/ Daniel J. Marcet*
      DANIEL J. MARCET
      Assistant United States Attorney
      Florida Bar No. 0114104
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      E-mail: Daniel.Marcet@usdoj.gov

U.S. v. Goudreau, et al.                    Case No. 8:24-cr-330-VMC-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

By:   /s/ *Daniel J. Marcet*
DANIEL J. MARCET
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov