UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:24-cr-330-VMC-CPT

YACSY ALEXANDRA ALVAREZ MIRABAL

**UNITED STATES' RESPONSE TO DEFENSE MOTION
FOR EVIDENTIARY HEARING**

On July 26, 2026, defendant Yacsy Alexandra Alvarez Mirabal ("the Defendant") filed a Motion for Evidentiary Hearing (Dkt. 304) on the United States of America's ("the Government") Motion in Limine to Preclude Public Authority and Entrapment-by-Estoppel Defenses (Dkt. 294). The Defendant asks for a hearing to allow the Defendant to call five witnesses in support of her opposition to the motion and to demonstrate grounds for a trial subpoena for the testimony of the President of the United States ("the President"). Dkt. 304 at 1.

The Defendant is not entitled to an evidentiary hearing. "[N]one of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested." *United States v. Rothstein*, 939 F.3d 1286, 1292-93 (11th Cir. 2006) (quoting *United States v. Smith*, 546 F.2d 1275, 1279-80 (5th Cir. 1977). Additionally, the Defendant provides neither a factual basis nor any authority for her request for a hearing to demonstrate grounds for a trial subpoena for the testimony of the President. The Court should deny the Defendant's motion.

## BACKGROUND

On July 1, 2026, the Government filed a motion *in limine* to preclude the Defendant from presenting a public authority or entrapment-by-estoppel defense. Dkt. 294. In its motion, the Government argued that the Defendant had failed to proffer a sufficient evidentiary foundation to support any such defense. *Id.* at 1, 6-11. In sum, the Defendant has failed to identify a government official with actual or apparent authority to authorize the charged conduct that was affirmatively communicated to the Defendant.

On July 26, 2026, the Defendant filed a response to the Government's Motion. Dkt. 303. The Defendant's response included a "Proffer of Facts Supporting Ms. Alvarez'[s] Defense." *Id.* at 5-21. In that proffer, she stated that "her honest belief that this activity was authorized by the [P]resident was founded . . . from discussions with Goudreau and others involved in Gideon" and "many public statements and events reported by media as they occurred." *Id.* at 5. Notably, the Defendant never identifies a government official that she communicated with regarding the charged criminal conduct. Instead, the Defendant recites a series of events involving her fugitive co-defendant, Jordan Goudreu; a private entity, Global Governments, and its principals; the then-acting President of Venezuela, Juan Guaidó, and his representatives; and, making an appearance after the dates alleged in the Indictment, the only identified then-government official, Andrew Horn. *Id.* at 5-21. While some of those individuals have a connection to or even met with the President, at no point does the Defendant proffer that she received authorization to engage in criminal conduct from the

2

President or from a government official acting at the President's direction.

Alongside her response, the Defendant filed a Motion for Evidentiary Hearing. Dkt. 304. In her motion, the Defendant requests an evidentiary hearing on the Government's motion *in limine* and on "the grounds for issuing a defense trial subpoena for the testimony of President Donald J. Trump."[1] *Id*. at 1.

### ARGUMENT

**I.     A hearing on the Government's motion *in limine* is not warranted based on the facts proffered by the Defendant and the narrow relief sought by the Government.**

**A.     The Defendant's proffered facts do not support a public authority or entrapment-by-estoppel defense.**

For the same reasons the Government's Motion in Limine should be granted, the Defendant's motion for a hearing should be denied. (Dkt. 294). To proceed with a public authority defense, the Defendant must show that a government official authorized her to take what would otherwise be an illegal action, the official had the actual authority to permit the action, and the Defendant reasonably relied on the official's authorization. *United States v. Alvarado*, 808 F.3d 474, 489 (11th Cir. 2015). Additionally, the Defendant must show that "a government official affirmatively communicated to the defendant the official's approval of the conduct at issue." *Id*. at 485. In order to advance an entrapment-by-estoppel defense, the Defendant will have to show that she reasonably relied "on the assurance of a government official that the

---

[1] This is the only mention of the request for subpoena in the Defendant's motion. The Defendant does not present any facts, argument, or authority for her request.

specified conduct will not violate the law." *Id*. at 753.

The facts proffered by the Defendant in her response to the Government's motion *in limine* (Dkt. 303 at 5-21) and summarized in her motion for hearing (Dkt. 304 at 2-4) do not come close to meeting the demanding standard for either a public authority or entrapment-by-estoppel defense. None of the individuals identified by the Defendant are government officials, save one who, according to the Defendant's own proffered facts, only entered the picture *after* the alleged criminal conduct occurred. The only evidence proffered by the Defendant that the criminal conduct was authorized by a government official is Goudreau's self-serving statement that Keith Schiller told Goudreau that he had "authorization from the President" for Operation Gideon, which the Defendant acknowledged Schiller denied making. Dkt. 303 at 12. Thus, the Defendant's public authority and entrapment-by-estoppel defenses rely entirely on the self-serving statement of her fugitive co-defendant.

Even taking all of the facts as alleged by the Defendant as true, they do not show that a government official with actual or apparent authority authorized the criminal conduct and communicated that authorization to the Defendant, which is required to satisfy the requirements of the "narrowly defined" public authority defense. *Id*. at 489. Thus, even if the facts as proffered by the Defendant are taken as true, they do not justify the relief requested, and an evidentiary hearing on the Government's motion *in limine* is not warranted. *Rothstein* at 1292-93.

### B.    The Government's Motion does not seek preclusion of an "innocent intent defense."

Similarly, the Defendant provides no basis to hold an evidentiary hearing so that she may question witnesses in an attempt to bolster her innocent intent defense. In the Defendant's proffer of facts, she stated that "*her honest belief* that this activity was authorized by the [P]resident was founded" "from discussions with Goudreau and others involved in [Operation] Gideon" and "many public statements and events reported by media as they occurred." Dkt. 303 at 5 (emphasis added). Consistent with the Defendant's statement regarding "her honest belief," the Defendant has stated that she intends to employ an "innocent intent defense." Dkt. 303 at 1.

The "innocent intent defense" is not an affirmative defense. Rather, it is a "defense strategy aimed at negating the *mens rea* for the crime." *United States v. Alvarado*, 808 F.3d 474, 486 (11th Cir. 2015). "[W]here a defendant is found *not to have met the requirements necessary for a public authority defense*, he can nonetheless effectively backdoor the rejected defense by testifying that he genuinely believed that the criminal acts he performed were done at the direction, and with the permission, of an appropriate governmental agency." *Id.* (emphasis added). Thus, this theory of defense is potentially available to the Defendant at trial even if the Court were to grant the Government's motion *in limine*.

The Government's motion does not seek to preclude this defense strategy, and any discussion of an innocent intent defense is irrelevant to the consideration of the

Government's motion *in limine* and the Defendant's motion for hearing on the same.[2]

## II.    A hearing on whether grounds exist to subpoena the President to testify at trial is also not warranted because that issue has not been teed up for the Court.

The Defendant fails to proffer facts or law or even argue any basis for her request to subpoena the President. This failure is fatal to her request for a hearing. The Court should require the Defendant to explain the legal and factual basis for her request, allow the Government to respond, and only then consider whether a hearing on that issue is appropriate. The Defendant seems to ask that the Court conduct these proceedings in reverse: to first take testimony from witnesses and then afterwards request relief. Doing so would handicap the Court and Government at any such hearing as only the Defendant would be privy to the legal and factual basis for her request.

That said, the Defendant proffers that Schiller, along with George Sorial, met with the President the morning of October 16, 2019. Dkt. 303 at 11. Later that day, Schiller met with Goudreau. *Id.* at 12. The Defendant does not proffer what was discussed during Schiller's and Sorial's meeting with the President, but has previously acknowledged that Schiller, through counsel, has advised that the meeting was unrelated to Operation Gideon. Dkt. 243 at 2. Goudreau claims Schiller advised him that the President authorized Operation Gideon, which Schiller has denied.

"[T]he Sixth Amendment does not guarantee criminal defendants the right to

---

[2] The Government's reply brief in support of its Motion in Limine will also briefly reiterate that the Government does not intend to preclude this defense at trial.

compel the attendance of any and all witnesses." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 n. 7 (1982). The Defendant has not proffered any facts that the testimony of the President would produce any evidence relevant to the charged offenses. Rather, all of the facts proffered by the Defendant suggest that the meeting was unrelated to the issues before the Court. Additionally, the Defendant has identified at least two other individuals present for the October 16, 2019 meeting who could testify, Schiller and Sorial. Thus, ignoring the fact that the Defendant's proffered evidence demonstrates that the meeting was unrelated to Operation Gideon, the testimony of the President regarding that meeting would be cumulative.

Because the Defendant's request to subpoena the President has not been presented to the Court, she has not proffered any evidence that the testimony of the President would be relevant, and such testimony would otherwise be cumulative, the Court should deny the Defendant's request for a hearing to show grounds for issuing a trial subpoena for the President's testimony.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Court deny the Defendant's Motion for Hearing.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224

Lindsey N. Schmidt
Assistant United States Attorney
United States Attorney No. 222

400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358

E-mail: Michael.Buchanan2@usdoj.gov
E-mail: Lindsey.Schmidt@usdoj.gov

JOHN A. EISENBERG
Assistant Attorney General

By:   */s/ Aaron L. Jennen*
Aaron L. Jennen
Arkansas Bar No. 2004156
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: 202-305-4693
Aaron.Jennen@usdoj.gov

**U.S. v. Alvarez**                                    **Case No. 8:24-cr-330-VMC-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Aaron L. Jennen*
Aaron L. Jennen
Arkansas Bar No. 2004156
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: 202-305-4693
Aaron.Jennen@usdoj.gov